UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE ARTURO FLORES MARTINEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SAM OLSON, Chicago Field Office ) <br> Director, U.S. Immigration and ) <br> Customs Enforcement and Removal ) <br> Operations, *et al.*, ) <br> ) <br> ) <br> Respondents. ) | No. 25 C 13726 <br><br> Judge Sara L. Ellis |

**ORDER**

The Court grants Petitioner's petition for writ of habeas corpus [1]. The Court orders Petitioner's immediate release. The Court further orders that, should Respondents provide Petitioner with a bond hearing, Respondents will have the burden to show by clear and convincing evidence that Petitioner poses a danger to the community or poses a risk of flight such that detention is necessary. The Court enjoins Respondents from denying Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him. See Statement.

**STATEMENT**

Petitioner Jose Arturo Flores Martinez, who is a Mexican citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 7, 2025, following his arrest and detention that same day by immigration officials. Respondents have taken the position that Flores Martinez is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i) as "applicants for admission." Flores Martinez claims that he instead is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and that application of § 1225(b)(2)(A) to him constitutes unlawful detention, violates the Immigration and Nationality Act ("INA"), and that Respondents have deprived him of due process by failing to provide him with a bond redetermination hearing. Flores Martinez asks the Court to issue a writ declaring Respondents' detention of him under 8 U.S.C. § 1225(b)(2)(A) unlawful and ordering Respondents to release him or, in the alternative, provide him with a bond hearing within seven days.

Flores Martinez has resided in the United States since 1998, when he entered the country without inspection or parole. He has three U.S. citizen children who are financially dependent on him. On November 7, 2025, immigration officials detained Flores Martinez at a gas station

after breaking the windows of his truck. The immigration officials then took Flores Martinez to the Broadview Detention Center in Broadview, Illinois, where he remained until after he filed his petition. Respondents subsequently transferred him to El Paso, Texas, where he is currently in detention.[1]

On November 10, 2025, the Court ordered that Respondents not remove Flores Martinez from the jurisdiction of the United States and not transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 3. The Court held a hearing with the parties on November 13, 2025 and granted Respondent's motion for extension of time to file a response to the petition. Respondents filed their response on November 13, 2025. The Court held a subsequent hearing with the parties on November 14, 2025 and orally ordered the immediate release of Flores Martinez. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Flores Martinez's habeas claim because he challenges the lawfulness of his current detention, not the underlying merits of his immigration status or their arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Flores Martinez only challenges his allegedly unlawful detention without a bond hearing and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents may argue that Flores Martinez has not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Flores

---

[1] While the transfer of Flores Martinez to an El Paso, Texas detention facility violates this Court's order that Flores Martinez remain within the 7th Circuit during the pendency of this proceeding, the Court accepts Respondents' assertion that they transferred him prior to receiving the Court's order.

Martinez to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the BIA would be futile given that Respondents maintain that Flores Martinez is subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Flores Martinez's argument that his detention is governed by § 1226, which provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those non-citizens already present in the United States may obtain a bond hearing before an immigration judge, at which the non-citizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. But, as the overwhelming majority of courts to consider this issue across the country have concluded, this interpretation "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also Loza Valencia*, 2025 WL 3042520, at *2–3; *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. The Court joins this majority and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to non-citizens who are already present in the country, such as Flores Martinez. Given this, the Court finds that Flores Martinez is not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to his detention, under which he is entitled to a bond hearing before an immigration judge.

The Court also finds that Flores Martinez's detention violates due process. The Due Process Clause applies to non-citizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Flores Martinez's detention, he is entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Flores Martinez's continuing detention without such a bond hearing amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

Therefore, the Court finds it appropriate to grant Flores Martinez's habeas petition. The Court orders Respondents to immediately release Flores Martinez from custody. Should Respondents provide him with a bond hearing, Respondents will have to show by clear and convincing evidence that Flores Martinez poses a danger to the community or poses a risk of

flight such that detention is necessary.  *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases).  The Court also enjoins Respondents from denying Flores Martinez bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.


Date:  November 14, 2025                                                                 /s/  Sara L. Ellis_____